**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

U.S. COURT OF APPEALS
**FILED**
JAN 0 4 2000
CHARLES R. FULBRUGE III
CLERK

No. 99-31202

IN RE: JOHNNY MCINTYRE,

                      Movant.

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1/13/00
BY _____

Motion for an order authorizing the
United States District Court for the Western
District of Louisiana to consider a
successive 28 U.S.C. § 2254 application

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

BY THE COURT:

    Johnny McIntyre, Louisiana prisoner #091519, moves this court for authorization to file a successive 28 U.S.C. § 2254 application challenging his 1979 conviction for aggravated rape. In his proposed successive § 2254 application, McIntyre attempts to raise the ineffective assistance of counsel claims that he presented in his prior § 2254 application. A claim presented in a second or successive habeas corpus application that was presented in a prior application shall be dismissed. 28 U.S.C. § 2244(b)(1). Accordingly, insofar as McIntyre seeks permission to file a successive habeas application raising the same claims he raised in his first application, his motion is DENIED.



McIntyre also seeks to raise the issue of improper jury instructions under <u>Cage v. Louisiana</u>, 498 U.S. 39, 41 (1990). A second or successive § 2254 application raising a claim that was not presented in a previous § 2254 application must be determined by this court, as provided in § 2244(b)(2), to contain either newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. § 2244(b)(2). This court may authorize the filing of a successive application only if it determines that the applicant has made a prima facie showing of satisfying the above applicable requirements. § 2244(b)(3)(C).

McIntyre fails to meet this standard. Accordingly, his motion for leave to file a successive habeas application is DENIED.[*]

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana    JAN 0 4 2000

---

[*]Dennis, J., concurs, being bound by *In re: Smith*, 142 F.3d 832 (5th Cir. 1998), but respectfully disagrees with its statutory interpretation and is of the opinion that it should be reconsidered by this court.

# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-589-6514
600 CAMP STREET
NEW ORLEANS, LA 70130

January 4, 2000

Mr Robert H Shemwell, Clerk
Western District of Louisiana, Shreveport
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101

Misc.
00-02

    No. 99-31202  In Re: McIntyre
    USDC No.

Enclosed is a certified copy of the judgment issued as the mandate.

        Sincerely,

        CHARLES R. FULBRUGE III, Clerk

        BY: _LaTonya Grant_____
           LaTonya Grant, Deputy Clerk

cc: w/encl:
    Mr Johnny G McIntyre

MDT-1